Anne M. Vohl, Esq.
Nevada Bar No. 004138
One East Liberty Street, 6th Floor
Reno, Nevada 89504
(775) 686-6068 phone
(775) 686-6203 fax
vohl@aol.com e mail

Attorney for Plaintiff
DENNIS BUONANOMA

FILED

04 FEB 20 PM 4:00

LANCE S. WILSON
CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS BUONANOMA,<br><br>Plaintiff<br><br>v.<br><br>SIERRA PACIFIC POWER COMPANY, ANGELA BRANCH, JACQUELINE KIRKLAND, MARIEKA MEYER, and DOES 1 THROUGH 20, Inclusive,<br><br>Defendants | CV-N-04-<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>CV-N-04-0077-LRH-VPC |

## INTRODUCTION

1. This is an action for damages and legal fees brought by DENNIS BUONANOMA (hereinafter referred to as the "Employee") against the defendant, SIERRA PACIFIC POWER COMPANY (hereinafter referred to as "SPPC") to remedy age, race, and sex, discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 et seq., and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sec. 2000e-2 et seq. There is also a claim for violation of due process under 42 U.S.C. Sec. 1983, and there are supplemental state claims

1




which are brought under 28 U.S.C. Sec. 1367 against SPPC and against other defendants who are employees of SPPC.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Secs. 1331, 1337, 1343, and 1345. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada, and specifically at Reno, Nevada.

3. This action is properly brought in the Northern Division of the United States District Court for the District of Nevada because all wrongful acts alleged herein occurred in Northern Nevada and defendant SPPC is a resident of Northern Nevada.

## PARTIES

4. The Employee is a former long-term employee of SPPC who is a white male, born July 16, 1947, whose employment was terminated involuntarily on or about December 31, 2002. He holds a bachelor's degree in mining engineering from the University of Nevada - Reno.

5. SPPC is a Nevada Corporation doing business in the State of Nevada, which has more than fifteen employees. SPPC is an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. Sec. 630(b). It is a public utility regulated by the State of Nevada, with certain rights, powers, privileges and immunities ordinarily associated with governmental bodies, and it is therefore subject to due process requirements under the Fourteenth Amendment to the United States Constitution based upon deemed state action.

6. Defendants ANGELA BRANCH, JACQUELINE KIRKLAND (both African American females) and MARIEKA MEYER (a white female) are employees of SPPC.

7. Defendants Does 1 through 20 Inclusive are unknown at the present time and leave

2

to add them as defendants will be requested when their identities have become known.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. The Employee has filed two Charges of Discrimination against SPPC with the United States Equal Employment Opportunity Commission ("EEOC"); and has requested and received Notification of Right to Sue. More than sixty days have elapsed since the filing of the Charge of Discrimination relating to age. All administrative remedies have been exhausted.

## FACTUAL ALLEGATIONS

9. The Employee was employed by SPPC for over twenty (20) years, successfully holding a series of jobs within that organization.

10. During his last months of employment, the Employee was subjected by SPPC to a formal protocol frequently used by SPPC to induce older workers to resign their employment by making their work life increasingly burdensome through increased workload and increased criticism; whereupon they are fired if they do not choose to leave the employ of SPPC.

11. When younger, the Employee received creditable annual performance evaluations from SPPC.

12. Nonetheless, in February of 2002, he received an unwarranted poor performance evaluation from SPPC His written rebuttal to this evaluation was ignored, and as a result of the evaluation his bonus was curtailed and he suffered other monetary consequences.

13. When younger, the Employee received work assignments from SPPC which were commensurate with his training, skills and experience, including engineering, art, and building decor and maintenance.

14. Soon after his reaching the age of fifty, the Employee began to be treated differently by SPPC.

3

15. Thereafter, his work was constantly disparaged and downgraded by SPPC, and by defendants Meyer and Branch, who wished to procure the Employee's resignation and who attempted to create an all-female Administrative Services Department within SPPC.

16. Defendants Kirkland (Human Resources) and Branch, African American females, discriminated against the Employee intentionally and maliciously because of his race and gender, and met together in 1999 to and decided to maintain secret files concerning the Employee, which they proceeded to do for more than three years, writing him up repeatedly for imagined or non-existent rule infractions, and never providing him with any notice or opportunity to defend himself, file charges of discrimination with the EEOC, or take other steps to protect his reputation.

17. Thereafter, the Employee was passed over by SPPC for promotions or lateral transfers, and for raises and bonuses, in favor of less qualified people who were either younger, women, or minority persons, or combinations of these, due to SPPC;s unlawful consideration of age, race, and sex, or some combination thereof.

18. The Employee has been treated differently by SPPC from its treatment of female persons and persons younger than he, in that they are not given unwarranted poor performance evaluations or overwhelmingly large work assignments, not is their employment terminated without cause or their lateral transfer denied.

19. The Employee was required to seek his own job within SPPC, after his reputation had been destroyed within SPPC by the defendants, which proved impossible.

20. The Employee has suffered great monetary loss, embarrassment, humiliation, and emotional distress as a result of his discriminatory treatment by SPPC.

21. SPPC fired the Employee on or about December 31, 2002 for purely discriminatory reasons, and replaced him with a younger female employee.

4

22. SPPC has long employed a pattern and practice of employment discrimination, found to exist by the U.S. Department of Labor and others, and its series of wrongful actions taken against the Employee constitute a continuing offence.

23. SPPC's discriminatory acts against the Employee have been undertaken with a reckless disregard for the Employee's federally protected and state protected civil rights, and he is therefor entitled to punitive damages, in addition to compensatory damages, back pay, front pay, and his legal fees.

## COUNT I
### Age Discrimination

24. The foregoing allegations are incorporated into this Count as though specifically re-alleged herein.

25. SPPC has acted toward the Employee in malicious, knowing, and intentional violation of 29 U.S.C. Sec. 623(a)(1) and the Employee is consequently entitled to an award of damages including liquidated damages.

## COUNT II
### Title VII Sex Discrimination

26. The foregoing allegations are incorporated into this Count as though specifically re-alleged herein.

27. SPPC has acted in intentional violation of 42 U.S.C. Sec. 2000e-2 et seq. in engaging in reverse sex discrimination, and the Employee is consequently entitled to an award of damages including compensatory and punitive damages.

## COUNT III
### Title VII Race Discrimination

28. The foregoing allegations are incorporated into this Count as though specifically re-alleged herein.

29. SPPC has acted in intentional violation of 42 U.S.C. Sec. 2000e-2 et seq. in engaging in reverse race discrimination, and the Employee is consequently entitled to an award of damages including compensatory and punitive damages.

## COUNT IV
## Combined Forms of Discrimination

30. The foregoing allegations are incorporated into this Count as though specifically re-alleged herein.

31. SPPC has violated the Employee's rights through discriminatory acts encompassing some combination of those forms of discrimination alleged in Counts I, II, and III above, and the Employee is consequently entitled to an award of damages, including compensatory and punitive damages.

## COUNT V
## Sec. 1983/Violation of a State-Protected Civil Right

32. The foregoing allegations are incorporated into this Count as though specifically re-alleged herein.

33. By keeping a secret file concerning the Employee in violation of NRS 613.075, all defendants have recklessly disregarded or willfully violated his right to substantive due process under the Fourteenth Amendment, and are therefore liable to the Employee for damages under 42 U.S.C. Sec. 1983.

34. By keeping a secret file concerning the Employee, all defendants have recklessly disregarded or willfully violated his right to procedural due process under the Fourteenth Amendment, and are therefore liable to the Employee for damages under 42 U.S.C. Sec. 1983.

35. By firing the Employee without due process, SPPC has recklessly disregarded or willfully violated his right to procedural due process under the Fourteenth Amendment, and is

6

therefore liable to the Employee for damages under 42 U.S.C. Sec. 1983.

## COUNT VI
## Defamation of Character

36. The foregoing allegations are incorporated into this Count as though specifically re-alleged herein.

37. All defendants defamed the Employee's character in relation to his professional occupation, both while he was employed and after his employment was terminated, to the extent that he has been unable to obtain professional employment in this community since the SPPC termination.

## COUNT VII
## Aganist Certain SPPC Employees for Intentional or Negligent Infliction of Emotional Distress.

38. The foregoing allegations are incorporated into this Count as though specifically re-alleged herein.

39. Through their individual and concerted actions described above, defendants Branch, Kirkland, and Meyer intentionally or negligently inflicted emotional distress on the Employee.

WHEREFORE, the plaintiff, DENNIS BUONANOMA, respectfully requests:

1. That he be awarded his damages for discrimination and other claims, including back pay, bonus pay, front pay, compensatory damages, punitive damages, and liquidated damages.

2. That he be awarded his legal fees and the costs of this action.

///

///

///

///

7

3. That the Court make any such additional orders as it shall deem proper.

DATED this 17th day of February, 2004.

                                                          DENNIS BUONANOMA

                                                          By his Attorney,

*/s/ Anne M. Vohl*
Anne M. Vohl, Esq.