UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| DENNIS BUONANOMA, ) | |
| ) | |
| Plaintiff, ) | CV-N-04-0077-LRH (VPC) |
| ) | |
| vs. ) | |
| ) | ORDER |
| SIERRA PACIFIC POWER COMPANY, ) ANGELA BRANCH, JACQUELINE ) KIRKLAND, MARIEKA MEYER, and ) DOES 1 through 26, Inclusive, ) | |
| ) | |
| Defendants. ) | |

Presently before this Court is Defendants' Sierra Pacific Power Company, Angela Branch, Jacqueline Kirkland and Marieka Meyer (hereafter Defendants) Motion for Attorney's Fees (Docket No. 89). Plaintiff Dennis Buonanoma has filed an opposition (Docket No. 91) to which Defendants have replied (Docket No. 93). In addition Plaintiff has filed an emergency motion to stay the effective date of the summary judgment entered in this case or to toll the running of the appeal period and stay any orders regarding legal fees and costs awarded. (Docket No. 90). Defendants have filed an opposition to this motion. (Docket No. 92). Finally, present before the Court are Plaintiff's objections to the sanctions finding (Docket No. 81) and Defendant's reply (Docket No. 84).

**FACTS AND PROCEDURAL HISTORY**

This case arises out of a termination alleged to be based on race, gender and age discrimination. This Court granted summary judgment for Defendants on all claims on September 21, 2005. (Docket No. 86). While this Court was deciding the summary judgment

issue, Magistrate Judge Valerie P. Cooke heard and ruled on Defendants motion for sanctions under Federal Rule of Civil Procedure 11, determining that Plaintiff's request for leave to file a second amended complaint was not warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law.  Specifically, Magistrate Judge Cooke determined that the following claims ran afoul of Rule 11 and warranted sanctions based on Plaintiff's failure to withdraw them within the 21 day safe harbor provision of Rule 11: defamation; violation of Nevada Revised Statute section 613.075; intentional infliction of emotional distress by Sierra Pacific Power Company; fraud; negligence and malpractice.  As a sanction, Magistrate Judge Cooke ordered Plaintiff's attorney Anne M. Vohl to pay the fees and costs relevant to the improper claims incurred by Defendants in requesting Rule 11 sanctions.

Ms. Vohl has objected to these sanctions, claiming that Magistrate Judge Cooke applied prior, and now outdated, law when she decided to require monetary sanctions for violation of Rule 11.  Further, Ms. Vohl claims sanctions are inappropriate because her claim under NRS section 613.075 was brought in good faith.  Finally, Ms. Vohl seeks a stay of this Court's previous order granting summary judgment or a tolling of the appeal period so this Court can review the sanctions issue.

Of note, though, is that on October 21, 2005 Plaintiff filed a notice of appeal regarding this Court's order granting summary judgment to Defendants and the undecided attorney's fee issue.  Regarding the attorney's fees, it appears Plaintiff is appealing Magistrate Judge Cooke's order of June 30, 2005, finding Ms. Vohl violated Rule 11 and requesting further information regarding the costs incurred by Defendants.  No actual dollar figure for the Rule 11 violation sanction has yet been set.

## LEGAL STANDARDS FOR RULE 11 SANCTIONS

In reviewing a non-dispositive order entered by a magistrate judge, the Court determines whether the order was "clearly erroneous or contrary to law." *Grimes v. City of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); Fed. R. Civ. P. 72(a).  Rule 11 sanctions are considered to be non-dispositive in nature, *Maisonville v. F2 America, Inc.*, 902 F.2d 748, 748 (9th Cir. 1990), and are appropriate when the offending document is presented for an improper purpose, is not

1  warranted by existing law or made in a good faith effort to extend or modify the law, is not
2  supported by the evidence, or when factual denials are not supported by the evidence.  Fed. R.
3  Civ. P. 11(b)(1)-(4).

## DISCUSSION

As a general rule the "filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  However, the "improvident taking of an appeal cannot effectively destroy the authority of the court below to proceed upon motions properly before it." *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 388 (9th Cir. 1966) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 818 (9th Cir. 1961)).  "Where the deficiency in a notice of appeal, by reason of untimeliness . . . or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Id.* at 389.  Jurisdiction, unable to simply continue in limbo, stays with the district court in such an instance. *Id.* at 388.

An appeal is not appropriate until a final judgment has been entered which can be appealed. *Intel Corp. v. Terabyte International, Inc.*, 6 F.3d 614, 617 (9th Cir. 1993) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988).  An award of attorney's fees "does not become final and appealable until the amount of the fee award is determined." *Id.*  In the present case, the Court faces objections to the fee award that has not yet been reduced to an actual monetary sanction.  Thus, it is apparent to the Court that Plaintiff's appeal to the Ninth Circuit on the attorney's fee award issue is untimely.  However, as no number has been set for the fee award, this Court is unable to review the sanctions as no final order has yet been entered by the Magistrate Judge.  Plaintiff will have ten days to object once a final order is entered.  Fed. R. Civ. P. 72(a).

///
///
///

**CONCLUSION**

It is therefore ORDERED that the Plaintiff's motion to stay the effective date of summary judgment or toll the appeal period (Docket No. 90) is DENIED;

It is further ORDERED that Defendants' motion for attorney's fees (Docket No. 89) is DENIED without prejudice as the issue is properly before Magistrate Judge Cooke;

It is further ORDERED that Plaintiff's objections to the Rule 11 sanctions (Docket No. 81) are OVERRULED without prejudice as untimely.

DATED this 6th day of December, 2005.

LARRY R. HICKS
United States District Judge