UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| DENNIS BUONANOMA, ) | |
| ) | |
| Plaintiff, ) | 03:-04-CV-0077-LRH (VPC) |
| ) | |
| vs. ) | |
| ) | ORDER |
| SIERRA PACIFIC POWER COMPANY, ) | |
| ANGELA BRANCH, JACQUELINE ) | |
| KIRKLAND, MARIEKA MEYER, and ) | |
| DOES 1 through 26, Inclusive, ) | |
| ) | |
| Defendants. ) | |

Present before the court are Plaintiff's, Dennis Buonanoma, objections (#101[1]) to the Rule 11 sanctions granted in this matter and Defendant's, Sierra Pacific Power Company, Angela Branch, Jacqueline Kirkland and Marieka Meyer, reply (#102). Plaintiff incorporates his prior, untimely, objections (#81) into the current motion.

**FACTS AND PROCEDURAL HISTORY**

This case arises out of a termination alleged to be based on race, gender and age discrimination. This Court granted summary judgment for Defendants on all claims on September 21, 2005. (#86). While this Court was deciding the summary judgment issue, Magistrate Judge Valerie P. Cooke heard and ruled on Defendants motion for sanctions under Federal Rule of Civil Procedure 11, determining that Plaintiff's request for leave to file a second amended complaint was not warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law. Specifically, Magistrate Judge Cooke

---

[1] References to (#XX) refer to the court's docket.

1  determined that the following claims ran afoul of Rule 11 and warranted sanctions based on
2  Plaintiff's failure to withdraw them within the 21 day safe harbor provision of Rule 11:
3  defamation; violation of NRS section 613.075; intentional infliction of emotional distress by
4  Sierra Pacific Power Company; fraud; negligence and malpractice.  As a sanction, Magistrate
5  Judge Cooke ordered Plaintiff's attorney Anne M. Vohl to pay the fees and costs relevant to the
6  improper claims incurred by Defendants in requesting Rule 11 sanctions.  In the most recent
7  order on this issue, Magistrate Judge Cooke determined that the actual sanction would be in the
8  amount of three thousand five hundred dollars and include ten hours of continuing legal
9  education.  The monetary sanction equaled twenty five percent of the reasonable attorney's fees
10 calculated by Magistrate Judge Cooke under the loadstar method.

11      Ms. Vohl has objected to these sanctions, claiming that Magistrate Judge Cooke abused
12 her discretion when she decided to order monetary sanctions for violation of Rule 11.  Further,
13 Ms. Vohl claims sanctions are inappropriate because her claim under NRS section 613.075 was
14 not discussed fully in the sanctions order.  Finally, Ms. Vohl claims that Magistrate Judge
15 Cooke's erred in determining that her motive for some of the offending filings was to remove
16 opposing counsel from the case.

17                    **LEGAL STANDARDS FOR RULE 11 SANCTIONS**

18      In reviewing a non-dispositive order entered by a magistrate judge, the Court determines
19 whether the order was "clearly erroneous or contrary to law."  *Grimes v. City of San Francisco*,
20 951 F.2d 236, 241 (9th Cir. 1991); Fed. R. Civ. P. 72(a).  Rule 11 sanctions are considered to be
21 non-dispositive in nature, *Maisonville v. F2 America, Inc.*, 902 F.2d 748, 748 (9th Cir. 1990),
22 and are appropriate when the offending document is presented for an improper purpose, is not
23 warranted by existing law or made in a good faith effort to extend or modify the law, is not
24 supported by the evidence, or when factual denials are not supported by the evidence.  Fed. R.
25 Civ. P. 11(b)(1)-(4).
26 ///
27 ///
28 ///

## DISCUSSION

Ms. Vohl argues that Magistrate Judge Cooke abused her discretion when she imposed monetary sanctions for the alleged violation of Rule 11. The current form of Rule 11 provides that a court "may . . . impose an appropriate sanction upon the attorneys . . . that have violated subdivision (b) or are responsible for the violation." Fed. R. Civ. P. 11(c). The Court has reviewed the transcript of the Rule 11 motion hearing as well as the order imposing monetary sanctions and notes that Magistrate Judge Cooke carefully considered whether sanctions would be appropriate. Based on Magistrate Judge Cooke's view that the claims for which sanctions were imposed had been brought without evidentiary support and that they were not warranted by existing law or offered as a good faith extension of the law, it was determined that monetary sanctions were appropriate to ensure that future violations do not occur.

In reviewing the record, the court can find no basis in any of Magistrate Judge Cooke's reasoning to conclude that the sanctions were contrary to law or clearly erroneous. Further, even if the court were to utilize an abuse of discretion standard, the evidence before the court shows that Magistrate Judge Cooke provided Ms. Vohl with ample opportunity to explain her actions and that no suitable explanation was provided. One of Ms. Vohl's main contentions, now and before Magistrate Judge Cooke, was that she was engaging in conscientious advocacy - therefore needing to bring all claims imaginable. However, while such advocacy is appropriate when properly exercised, such an explanation does not excuse bringing before the court claims which are not based in fact or law. As such, the court finds that Magistrate Judge Cooke's determination that sanctions were appropriate would not even rise to the level of an abuse of discretion if that were the standard to be employed at this stage.

Ms. Vohl also objects to the sanctions, claiming that neither the underlying claims nor the motion to amend for which the violation was found were sanctionable. Again, the Court has reviewed the transcript and notes that the Magistrate Judge gave Ms. Vohl every opportunity to provide legal support for any of the claims that were sanctioned. Ms. Vohl was unable to provide any to the Magistrate Judge. Further, Ms. Vohl admitted that at least one claim made had been clearly inappropriate. That claim was withdrawn at the hearing, well after the 21-day safe harbor

period had concluded.  This Court has also reviewed the claims which Ms. Vohl made and notes that the Magistrate Judge was not clearly erroneous in determining that those claims were unsupported by the facts and the controlling law.[2]  Accordingly, sanctions were appropriate and Ms. Vohl's objection is overruled.

Finally, Ms. Vohl contends that Magistrate Judge Cooke erred in determining that she had an improper motive for bringing certain claims - namely, to remove opposing counsel.  As noted, the court has reviewed the claims against opposing counsel and found that they were indeed made without a basis in law or fact.  Ms. Vohl contends that the long-settled litigation privilege for attorneys should be ignored when considering whether her claims against opposing counsel were improper.  However, she points to no law which demonstrates to the court that her position is tenable.  When the fact that there was no legitimate basis for the claims brought is coupled with the evidence before the Magistrate Judge demonstrating that Ms. Vohl had such a difficult working relationship with opposing counsel that she offered to conduct settlement negotiations only if he was not involved, the court is unable to find any clear error in the Magistrate Judge's conclusion that the only reasonable explanation for the claims was that Ms. Vohl desired to remove opposing counsel from the case.  As the court finds that the Magistrate Judge's ruling was neither erroneous nor contrary to law, Ms. Vohl's objection is overruled.

Upon reviewing the entire record, the Court can find no portion of Magistrate Judge Cooke's ruling that is clearly erroneous or contrary to law.

///

---

[2] The court finds no error in the Magistrate Judge's decision not to discuss the unreported case of *McFadden v. Krause*, 03:04-CV-0741-ECR-VPC.  Even if the court were to conclude that Rule 11 sanctions would not be appropriate based on a claim seeking to create a private right of enforcement under Nevada Revised Statute 613.075, it is clear from the Magistrate Judge's order that this single claim was not the basis for her sanction determination.  Instead, the Magistrate Judge considered the claims brought against opposing counsel as the egregious actions which needed to be prevented in the future.  As none of those claims were based in law or fact, the Magistrate Judge was warranted in sanctioning Ms. Vohl.  The full discussion of the amount of damages and the sanctions awarded is centered on those claims brought against opposing counsel.  As the court finds no error in this analysis, its ruling would not change even if sanctions were inappropriate for the claim brought under section 613.075.

1     It is therefore ORDERED that Plaintiff's objections to Magistrate Judge Cooke's award of attorney's fees for violation of Rule 11 (#101) are OVERRULED.

DATED this 6th day of June, 2006.

_____
LARRY R. HICKS
United States District Judge