UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| DENNIS BUONANOMA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SIERRA PACIFIC POWER COMPANY, )<br>ANGELA BRANCH, JACQUELINE )<br>KIRKLAND, MARIEKA MEYER, and )<br>DOES 1 through 26, Inclusive, )<br>)<br>Defendants. )<br>_____ ) | 03:04-CV-0077-LRH (VPC)<br><br>ORDER |

Presently before this Court is Plaintiff's counsel's, Anne M. Vohl, motion for a stay pending appeal (#106[1]). Defendants' Sierra Pacific Power Company, Angela Branch, Jacqueline Kirkland and Marieka Meyer ("Defendants") have filed an opposition (#108). Plaintiff's counsel has filed no reply.

The order sought to be stayed upheld sanctions imposed upon Plaintiff's counsel by the Magistrate Judge for violations of Federal Rule of Civil Procedure ("Rule") 11. The sanctions consisted of a fine in the amount of $3,500 and an order to complete 10 hours of continuing legal education. Plaintiff's counsel seeks a stay, with or without the filing of a supersedeas bond, of both sanctions pending appeal. Defendants do not oppose staying the fine without a bond, but oppose staying the continuing legal education requirement.

Rule 62(d) provides that an appellant may give a supersedeas bond to obtain a stay of the enforcement of a judgment pending appeal. The court may exercise its discretion to award a stay

---

[1] References to (#XX) refer to the court's docket.

1  without requiring a bond provided such action will not "unduly endanger the judgment creditor's
2  interest in ultimate recovery." *See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n.*, 636 F.2d
3  755, 760-61 (D.C. Cir. 1980).

4      Given that Defendants have not objected to a stay of the monetary fine without the requirement of a bond and given that the court has no reason to suspect Plaintiff's counsel will not pay the fine if upheld on appeal, the court will stay enforcement of the $3,500 fine without requiring the filing of a supersedeas bond.

8      However, the court will not stay that portion of the sanctions requiring Plaintiff's counsel to complete 10 hours of continuing legal education. Defendants properly point out that no harm comes to Plaintiff's counsel if she is required to complete the educational requirements but has the sanctions overturned upon appeal because she is already required to complete 12 hours of continuing legal education annually as a Nevada attorney. Given that no reply was filed contesting the fact that no harm would arise from failing to stay the educational component of the sanctions, the court finds no reason to stay that requirement.

15      It is therefore ORDERED that Plaintiff's counsel's motion for a stay pending appeal (#106) is GRANTED in part and DENIED in part as discussed above.

17  DATED this 8th day of December, 2006.

_____
LARRY R. HICKS
United States District Judge

2