PATRICK H. HICKS, ESQ., Bar # 4632
LITTLER MENDELSON, P.C.
50 West Liberty Street, Suite 400
Reno, NV  89501.1944
Telephone:     775.348.4888
Facsimile:     775.786.0127

KARYN M. TAYLOR, ESQ., Bar # 6142
NV ENERGY
6100 Neil Road
Reno, NV  89511
Telephone:     775.834.5781
Facsimile:     775.834.4098

Attorneys for Defendant
SIERRA PACIFIC POWER CO.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENNIS BUONANOMA,

             Plaintiff,

vs.

SIERRA PACIFIC POWER COMPANY,

             Defendant.

Case No.  3:04-cv-00077-LRH-VPC

**DEFENDANT SIERRA PACIFIC POWER COMPANY'S FIRST SET OF MOTIONS *IN LIMINE***

Defendant SIERRA PACIFIC POWER COMPANY (hereinafter referred to as "SPPC"), hereby moves this Court for orders *in limine* to exclude the following evidence and witnesses from trial:

    1)    Any evidence from witnesses and documents not disclosed prior to the close of discovery or pursuant to Rule 26.

    2)    Any evidence or argument concerning statements by SPPC to the EEOC.

    3)    Any evidence or argument concerning an alleged "secret" file or that SPPC violated NRS 613.075.

    4)    Any evidence or argument pertaining to a dismissed claim or a proposed claim not allowed by the Court.

5)      Any evidence or argument concerning statements made by Mercer Consulting Company, an alleged "Mercer method," and any evidence of payments made by SPPC to Mercer.

6)      Any evidence or argument related to a failure to promote claim by Buonanoma and resulting damages.

7)      Any evidence or argument of discrimination complaints or lawsuits by other employees, or compromise negotiations between SPPC and other employees or an agency.

8)      Any evidence that Buonanoma has been unable to find employment because prospective employers "Google" his name and learn that he filed the instant lawsuit, in addition to Buonanoma's speculation that there is a stigma related to leaving SPPC.

9)      Any evidence related to Buonanoma's claim for economic damages.

10)     Any evidence of SPPC's net worth until after Buonanoma proves a *prima facie* claim for punitive damages.

This Motion is filed in compliance with Local Rule 16-3(b) and the Pretrial Order filed by the parties on November 30, 2009, and executed by this Court on December 4, 2009.  This Motion is based upon the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

This case involves Buonanoma's claims for gender and age discrimination based upon SPPC's decision to remove Buonanoma from his position as Team Leader, Support Services, and terminate him one year later.  SPPC denies Buonanoma's allegations that he was discriminated against.  SPPC further contends that Buonanoma was not satisfactorily performing in the Team Leader position.

///

SPPC files the following motions *in limine* to exclude certain evidence that it believes Buonanoma will attempt to present at the trial in this matter scheduled to begin on September 21, 2010. Because such evidence is improper for the reasons set forth below, SPPC requests an order *in limine* excluding such.

## II.    LEGAL ARGUMENT

### A.    General Principles Concerning Motions *In Limine*.

It is well-settled that a trial court has the inherent power to entertain and grant a motion *in limine*. *See* LR 16-3(b). A district court's inherent powers include the "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Security Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)). Motions *in limine* help resolve critical evidentiary issues at the outset to enhance the efficiency of the trial process. *Civil Trials and Evidence* § 4:319 (Jones and Rosen 2007). A party may make a motion *in limine* requesting the exclusion of specified evidence or argument and base the motion on any grounds available under the Federal Rules of Evidence. *Moore's Manual: Federal Practice and Procedure* § 18.24[8] (Moore, Vestal and Kurland 2001).

### B.    Motion To Exclude Undisclosed Witnesses And Documents.

Defendant SPPC moves, *in limine*, to preclude Plaintiff Dennis Buonanoma and his counsel from introducing testimony from witnesses and documentary evidence not disclosed by January 6, 2005, the discovery deadline, or pursuant to Rule 26. This motion is made on the grounds that several of the witnesses identified in Plaintiff's portion of the Joint Pretrial Order were not previously identified and hundreds of documents were not produced with Plaintiff's disclosures or discovery responses. Plaintiff was obligated to identify these persons and produce these documents, but he failed to do so. Plaintiff's decision to withhold disclosure of the identity of such persons and certain documents until 2009 (over four years after discovery closed) is highly prejudicial to Defendant and justifies the exclusion at trial of these witnesses and documents.

Plaintiff has identified numerous witnesses in his portion of the Joint Pretrial Order. Review of both parties' disclosure statements and discovery responses confirms that the witnesses listed

below were never previously identified in Plaintiff's disclosures or discovery responses.  **Exhibit A (Plaintiff's and Defendant's initial disclosures); Joint Pretrial Order, Doc. No. 129.**

> Gerald Mikesell, Esq. (former SPPC in-house counsel)
> Donna LaMonte (SPPC employee)
> Suzanne Brown (former SPPC employee)
> Sarah Britt (former SPPC employee)
> Rod Sloan (former SPPC employee)
> Rachel Bixby (current SPPC employee)
> Ralph Negron (current SPPC employee)

Plaintiff also did not disclose these individuals in response to SPPC's interrogatory asking Plaintiff "If any person has relevant information concerning the allegations contained in Plaintiff's Complaint and if that person has not been previously identified in your answers to the above interrogatories, then provide Defendants with the relevant information including the person's name, address...." **Exhibit B (Plaintiff's Answers to Interrogatories).**   Despite a continuing obligation to supplement interrogatory answers, Plaintiff neglected to do so within the discovery period.

The following documents were never previously identified or disclosed with Plaintiff's disclosures or discovery responses:

> Plaintiff's job search documents.  B093-B0658
> Buonanoma's Weekly Reports to Supervisor Angela Branch.  B001-092
> Award plaque given to Buonanoma for enthusiasm.
> SPPC Expert Report from Andreini/Belles case.
> Resume of Rod Sloan.
> Resume of Sarah Britt.
> Resume of Ralph Negron.
> Payroll records of Mitch Andreini.
> SPPC "Employee Information Manual" dated 1988.

Plaintiff disclosed documents B1-658 more than four years after the close of discovery, on September 1, 2009.  **Exhibit C (letter from Vohl referring to job search documents dated August 28, 2009).**   The remaining documents listed above have *never* been disclosed, and even as of today's date, Plaintiff has not produced these documents.

Rule 26 obligates the parties to disclose, among other things, "the name...of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses" as well as "all documents...that the disclosing party may use to support its claims or defenses, unless solely for impeachment."  Fed. R. Civ. P. 26(a)(1).  Rule 26 also requires a party to timely supplement his disclosures and responses.  Fed. R. Civ. P. 26(e).  Local Rule 16-3(c)(11)

NV ENERGY
6100 Neil Road
Reno, NV  89511
775.834.5781

pertaining to the list of witnesses to be identified in the Joint Pretrial Order specifically provides, "such list may not include witnesses whose identities were not but should have been revealed in response to permitted discovery unless the court, for good cause and on such conditions as are just, otherwise orders." If a party fails to disclose information in accordance with Rule 26(a), that party "shall not, unless such failure is harmless, be permitted to use as evidence at a trial any...information not so disclosed." Fed. R. Civ. P. 37(c)(1); *Loux v. State of Nevada, Dep't of Welfare*, 2007 U.S. Dist. LEXIS 21502 *2 (D. Nev. 2007).

In the present case, the witnesses identified above were not disclosed timely, and Defendant had no opportunity to depose those individuals as a result. The first time that many of these witnesses were identified is in Plaintiff's Proposed Pretrial Order, and other individuals listed above were identified in correspondence from Plaintiff's counsel in 2009, four years after the close of discovery in January 2005. Plaintiff must have "substantial justification" for failing to timely disclose these witnesses. There is none. Plaintiff has no excuse for failing to identify these witnesses until more than four years after the close of discovery, after Defendant's summary judgment motion was granted, and after the appellate proceedings in the Ninth Circuit Court of Appeals. For example, Plaintiff alleges that Rod Sloan should have been promoted to Team Leader, rather than Joanne Osborne, in May 2004 – nine months prior to the close of discovery. Defendant anticipates that Plaintiff will contend that Rod Sloan, Suzanne Brown, and Sarah Britt were also discriminated against based upon age. Defendant has no other information about their purported testimony. There is no excuse for Plaintiff's blatant failure to notify SPPC before the discovery deadline that these employees would be identified as individuals with knowledge by Plaintiff. There is also no excuse for Plaintiff's failure to notify SPPC years ago of any of these contentions. Plaintiff's hide the ball tactics should not be rewarded.

Additionally, testimony by these witnesses is irrelevant, and any potential relevance is outweighed by the danger of confusion of issues, undue delay and waste of time. Fed. R. Evid. 401, 403. Plaintiff will contend that Rod Sloan was discriminated against in 2004, *two years* after Plaintiff's termination, that Suzanne Brown was discriminated against in 2008, *six years* after Plaintiff's termination, and that Sarah Britt was discriminated against in 2006, *four years* after

1   Plaintiff's termination.  These events are too remote in time from, and occurred years after, the

2   alleged discrimination in this case.  Ralph Negron was hired for the Team Leader, Facilities position

3   in 2006, and therefore, any testimony by Mr. Negron has absolutely no relevance to this case since

4   Plaintiff was terminated in 2002, Plaintiff was never employed in that position, and Plaintiff is not

5   contending that he should have been awarded that position rather than Mr. Negron.  Rachel Bixby

6   became a Services Coordinator in the Facilities Department in November 2007, which is not in any

7   way relevant to Plaintiff's termination from a position in the Support Services Department five years

8   earlier.  Also, Angela Branch, Plaintiff's supervisor, played no role in the employment decisions

9   affecting Brown, Britt, Negron or Bixby.  *See Loux v. State of Nevada, Dep't of Welfare*, 2007 U.S.

10  Dist. LEXIS 21502 *3-4 (D. Nev. 2007); *Guinan v. Potter*, 307 Fed. Appx. 92, 2009 U.S. App. LEXIS

11  2391 *2-3 (9th Cir. 2009).  Their resumes, which were identified for the first time in the Joint

12  Pretrial Order, and have never been produced, are likewise irrelevant and prejudicial.  **See Joint

13  Pretrial Order, p. 9, Plaintiff's Exh. 11, 12, and 13.**  Plaintiff's attempts to try other former

14  employees' cases in this trial should be shut down.

15          With respect to Mr. Mikesell and Ms. LaMonte, Defendant anticipates that Plaintiff intends to

16  introduce their testimony concerning statements they made to the EEOC prior to the filing of the

17  lawsuit.  *See* Plaintiff's Exh. 15.[1]  Plaintiff identified the following as an "Issue of Fact" for trial in

18  the Joint Pretrial Order:  "Did SPPC knowingly provide false information to the EEOC to provide a

19  pretext for the termination?"  Any testimony by these witnesses is inadmissible pursuant to Fed. R.

20  Evid. 502 because it is barred by the attorney-client privilege and/or work product doctrine, and

21  _____

22  [1] On February 1, 2005, Plaintiff filed a second motion to amend his Complaint to assert defamation and fraud
    claims against SPPC, Defendant's former attorney of record in this litigation, Gerald L. Mikesell, Esq., and

23  Jacqueline Kirkland, involving a statement made by SPPC in defending against Plaintiff's charge of
    discrimination before the Equal Employment Opportunity Commission ("EEOC").  *See*, Plaintiff's Motion for

24  Leave to File Second Amended Complaint filed 2/1/05, Document No. 28.  The Court denied Plaintiff's motion,
    and sanctioned Plaintiff's counsel because the proposed claims violated Rule 11.  Specifically, the Court found

25  that the proposed claims lacked evidentiary support and were not warranted by existing law or by non-
    frivolous arguments for the extension of law.  *See*, Minutes of the Court dated 6/9/05, Document No. 75;

26  Minutes of the Court dated 6/30/05, Document No. 78; Order filed 2/14/06, Document No. 100; Order filed
    6/6/06, Document No. 104.  Plaintiff did not appeal the Court's Order denying his motion for leave.  Plaintiff's

27  counsel appealed the Court's award of sanctions against her.  The Ninth Circuit affirmed the award of
    sanctions stating "the district court determined that the first two claims [fraud and defamation] were barred

28  by the litigation privilege."  *See*, Memorandum filed 4/29/09, Document No. 112; Order on Mandate filed
    6/8/09, Document No. 114.

their statements to the EEOC are irrelevant, inadmissible hearsay, and they are absolutely privileged.  Fed. R. Evid. 401, 403, 408; 42 U.S.C. 2000e-5(b).  In particular, allowing Plaintiff to introduce such evidence concerning counsel's observations, beliefs, and mental impressions about the case would violate the very essence of the attorney work product doctrine.  Further, representations to the EEOC are absolutely privileged. *Lisowski v. Davis*, 312 B.R. 681, 689-90 (D. Nev. 2004), *citing, Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 657 P.2d 101, 104 (1983) (the absolute privilege attached to judicial proceedings has been extended to quasi-judicial proceedings before executive officers, boards, and commissions); *Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 115 Nev. 212, 218, 984 P.2d 164 9199) (the absolute privilege rule applies to letters written in anticipation of litigation).

Defendant's expert report disclosed *in another case* is obviously irrelevant and prejudicial pursuant to Fed. R. Evid. 401 and 403, and hearsay pursuant to Fed. R. Evid. 802.  The report should also be excluded because Plaintiff violated Rule 26(a)(2) and LR 26-1 by failing to identify this expert or produce the report by the expert disclosure deadline.  To date, Plaintiff has still not identified this expert, having only identified the report as an exhibit in the Joint Pretrial Order.

This evidence would result in numerous mini-trials that are irrelevant and are substantially outweighed by the danger of unfair prejudice, undue delay and waste of time.  Finally, due to the late identification of these witnesses and documents, *no discovery* has been conducted on any of the alleged testimony by these witnesses or the documents.  Defendant would suffer great prejudice if these witnesses and documents were permitted in to evidence at trial as Plaintiff purposefully deprived Defendant of the opportunity to depose those individuals or conduct follow-up discovery, which may have altered the course of this case.   Defendant respectfully requests that the Court exclude these witnesses from testifying at trial and exclude admission of the documents.

GRANTED: _____          DENIED:  _____

///

///

///

**C.     Motion To Exclude Any Argument Or Evidence Concerning Statements Made By SPPC To The EEOC.**

As previously stated, Plaintiff intends to present the following issue at trial:  "Did SPPC knowingly provide false information to the EEOC to provide a pretext for the termination?"  In addition to the testimony of Gerald Mikesell, Esq., and Donna LaMonte, which should be excluded as explained above, SPPC anticipates that Plaintiff will attempt to introduce testimony by Jacqueline Kirkland, former HR Manager, and Cathy Palmer, former Team Leader, on the same issue.  Ms. Kirkland testified that she is aware of a mistake made by Ms. LaMonte in a submission to the EEOC. **Exhibit D (Kirkland's Depo.), pp. 132:22-134:20, 143:19-24; *see also* Exhibit E (Pena Depo.), p. 51:22-54:11; Joint Pretrial Order Plaintiff's Exh. 15.**  Ms. Palmer testified that the individual she referred to in her comments to her performance appraisal was not Buonanoma, contrary to the information provided by SPPC to the EEOC.  **Exhibit F (Palmer's Depo.), pp. 51:15-53:15; Exhibit G (Branch's Depo.), Vol. II, pp. 18, 31.**  For the same reasons supporting exclusion of Gerald Mikesell, Esq. and Donna LaMonte's testimony, this testimony and the documents SPPC submitted to the EEOC should also be excluded. Plaintiff's attempts to introduce such evidence, despite the fact that his counsel has already been sanctioned by the Court, is an enormous waste of time and unbecoming and inappropriate.

The information contained in Plaintiff's EEOC file is irrelevant to the issues in this case, as Plaintiff asserts no claim concerning the processing of his EEOC charge, which was terminated when he requested the right to sue letter from the EEOC.  Fed. R. Evid. 401.  Plaintiff attempted to amend his Complaint to assert claims based upon the EEOC file, but his motion was denied, and Plaintiff's counsel was sanctioned for attempting to do so.  Therefore, the contents of the EEOC file do not make any of the facts of consequence to the trial "more probable or less probable." *See* Fed. R. Evid. 401.  Consequently, the information in the EEOC file should be excluded under Federal Rule of Evidence 402 because it is irrelevant to the claims at issue in this case.  Even if the Court were to find the EEOC file somehow relevant (which SPPC adamantly disputes), such evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The file is also hearsay and absolutely privileged, and it contains information protected by the attorney-client and work product privileges. Fed. R. Evid. 502, 802; *see also* Fed. R. Evid. 408; 42 U.S.C. § 2000e-5(b). There are plainly a myriad of reasons to exclude such evidence and Defendant respectfully requests that its motion *in limine* be granted as to this issue.

GRANTED: _____        DENIED: _____

**D.      Motion To Exclude Any Reference To Or Evidence Concerning An Alleged "Secret" File Or Violation Of NRS 613.075.**

In the Joint Pretrial Order, Plaintiff included the following as an "Issue of Law":  "Did SPPC violate NRS 613.075 when it maintained a secret file of Buonanoma in order to facilitate defends (sic) termination by building a 'case in termination'?"  This issue has <u>already</u> been decided by the Court, and therefore, any reference to an alleged secret file or violation of NRS 613.075 should be excluded.

In his motion to file a second amended complaint filed on February 1, 2005, Plaintiff contended that "by keeping a 'secret' file concerning the Employee in violation of NRS 613.075, all defendants have willfully violated his rights protected under the laws of the State of Nevada." Plaintiff's Motion for Leave, Proposed Second Amended Complaint ¶ 51, Document No. 28. Plaintiff's motion was denied, and Plaintiff's counsel was sanctioned for attempting to bring the claim.   Order entered 6/9/05, Document No. 75; Order entered 2/14/06, Document No. 100. Plaintiff objected to the award of sanctions pursuant to Fed. R. Civ. P. 72(a), and this Court affirmed the sanctions award and overruled Plaintiff's counsel's objections.  Order filed 6/6/06, Document No. 104; *Buonanoma v. SPPC*, 2006 U.S. Dist. LEXIS 37318 (D. Nev. 2006).  Plaintiff did not appeal the denial of his motion to amend.  Plaintiff's counsel appealed the award of sanctions against her, and the Ninth Circuit Court of Appeals affirmed this Court's Order.   Order entered 4/29/09, Document No. 112; *United States v. Alpine Land and Reservoir Co.*, 27 F. Supp. 2d 1230, 1237 (D. Nev. 1998) (on remand, the district court must proceed in accordance with the mandate and such law of the case as was established by the appellate court). In fact, counsel's attempt to reinsert this non-issue in to the trial is probably sanctionable conduct too. In any event, any

reference to an alleged violation of NRS 613.075 or "secret" file should be excluded and the motion in limine should be granted.

GRANTED: _____     DENIED: _____

**E.     Any Evidence Pertaining To Alleged Race Discrimination, Any Other Dismissed Claim, Or Any Proposed Claim Not Allowed By The Court Should Be Excluded.**

Plaintiff's claims of race discrimination, violation of civil rights under § 1983, defamation, and intentional and negligent infliction of emotional distress were dismissed.  *See* Order filed Sept. 21, 2005, Document No. 86.  Plaintiff appealed the dismissal of his race discrimination claim, and the Ninth Circuit Court of Appeals upheld the district court's dismissal of the claim.  Order entered April 29, 2009, Document No. 112.  Plaintiff did not appeal the dismissal of the other dismissed claims listed above.  In addition to the claim for violation of NRS 613.075, on February 1, 2005, Plaintiff filed a second motion to amend his Complaint to assert defamation, fraud, an intentional infliction of emotional distress claims based upon new allegations, and a claim for negligence/malpractice against former counsel for SPPC.  *See* Plaintiff's Motion for Leave to File Second Amended Complaint filed Feb. 1, 2005, Document No. 28.  The Court denied Plaintiff's motion, and Plaintiff's counsel was sanctioned for filing the motion with respect to many of the claims.  *Buonanoma v. SPPC*, 2006 U.S. Dist. LEXIS 37318 (D. Nev. 2006).  Accordingly, any evidence directly or indirectly relating to these claims should be excluded, including but not limited to evidence of the race of any employee.  *See* Fed. R. Evid. 402 and 403.

GRANTED: _____     DENIED: _____

**F.     Motion *In Limine* To Exclude Statements By Mercer, A Consulting Company, An Alleged "Mercer Method," And Any Evidence Of Payments Made By SPPC To Mercer.**

Plaintiff's apparent intentions on this issue are clearly improper. Plaintiff intends to introduce testimony from Patrizia Esse, a former accountant, concerning alleged statements made by a consulting company in 1993, 9 years prior to Plaintiff's termination.  Of critical importance, these alleged statements *were not made by a SPPC employee*.  Thus, SPPC requests an order excluding any argument or evidence concerning alleged age-related remarks made by the consulting

1  company, which were not made when Plaintiff was removed from the Team Leader position or

2  when he was terminated, nor were they related to either event.  Comments that are vague and

3  remote in time to the employment decisions at issue are insufficient to establish discrimination and

4  are, therefore, not probative.  *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990)

5  (in age discrimination case, stray remark was insufficient to establish discrimination); *Nidds v.*

6  *Schindler Elevator Corp.*, 113 F.3d 912, 918-19 (9th Cir. 1996) (comment that was uttered in an

7  ambivalent manner and not tied directly to plaintiff's layoff was insufficient); *Nesbit v. Pepsico, Inc.*,

8  994 F.2d 703, 704 (9th Cir. 1993) (general statement that did not relate to plaintiffs' termination

9  was insufficient to create an inference of age discrimination).

10        Specifically, Esse testified that Roy Mercer referred to employees as "dead wood" in a team

11  meeting for the reorganization.  **Exhibit H (Esse Depo.), pp. 10:1-12:10.**  She also testified that

12  Mercer stated at that meeting that the "most expensive people are the people who have worked for

13  the company the longest, the people who are working for the company the longest generally have a

14  certain age."  **Id.** **at p. 11:16-20.**  Esse's testimony should be excluded.  The comments were

15  allegedly made at a meeting *in 1993* concerning the reorganization of Nevada Power Company, a Las

16  Vegas-based company, that merged with Sierra Pacific Resources and *Defendant Sierra Pacific Power*

17  *in 1999*.  Esse claims that the comments were made by a *consultant*, who had no involvement or input

18  in Plaintiff's termination, not an employee of SPPC, and they were not discussed at any meeting, other

19  than the meeting in 1993, 9 years prior to Plaintiff's termination.  **Id.** **at p. 21:13-20, 10:1-12:10,**

20  **13:25-14:4.[2]**  However, Gloria Banks Weddle testified that Roy Mercer was a non-managerial, non-

21  supervisory employee of Nevada Power Company, who worked in the IT department.  **Exhibit I**

---

22  [2]  *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1219 (D. Kan. 2008) (alleged age-related
statements by consultant were properly excluded because they were "not relevant or had only the tiniest degree

23  of relevance," and "would have resulted in mini-trials and would have created confusion and waste of time");
*Knowles v. Trans Union LLC*,  2005 U.S. Dist. LEXIS 30957 *31 (N.D. Ill. 2005) (alleged racial comments by

24  consultant were not probative of discrimination because the consultant did not have input in the termination
decision nor were they made near the time of plaintiff's termination); *Tiemeyer v. Quality Publishing, Inc.*, 144 F.

25  Supp. 2d 727, 735 (S.D. Tex. 2001) (comment by consultant was not competent evidence of age discrimination
because there was no evidence that consultant played any role in the plaintiff's termination or replacement);

26  *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1097 (6th Cir. 1996) (statement in outside consultant's report did
not create an issue of fact because there was no evidence that the statement was adopted or relied on by the

27  decisionmakers); *Crawford-Mulley v. Corning Inc.*, 194 F. Supp. 2d 212, 220 (W.D.N.Y. 2002) (hearsay statement
of outside consultant inadmissible and did not create a triable issue of fact; it was the perception of the decision-

28  maker, not of an outside consultant, that was relevant).

**(Weddle Depo.), p. 62:6-13.** Esse also testified that she does not know of anyone that adopted the process, and to the contrary, she thinks that one leader rejected the process. **Exhibit H (Esse Depo.), pp. at p. 35:8-19.** Esse testified that Nevada Power Company determined *not* to implement Mercer's suggestions in this regard. *Id.* **at pp. 15:22-19:2.** Neither Branch nor Meyer were on the committees that met with Mercer, and Plaintiff has no evidence that they ever adopted or used the principle. *Id.* **at pp. 15:5-14, 20:24-21:12.** Esse also testified to an alleged comment by an undisclosed manager that there was "something called the Mercer method." *Id.* **At pp. 45:11-46:16.** Her testimony is irrelevant, speculative, and hearsay and should be excluded. Fed. R. Evid. 402, 802, 602.

Additionally, Plaintiff admits that the comments were made in *1993*, several years prior to employment decisions at issue. **Exhibit J (Plaintiff's Depo.), pp. 10:1-12:10, 13:25-14:4.** He admits that Mercer is a consulting company, and therefore, the comments were not made by an employee of SPPC. *Id.* **at p. 161:16-17.** Plaintiff admits that Mercer's task was to review departmental procedures and determine whether they could be more efficient, but that he does not know what Mercer actually did. *Id.* **at pp. 162:1-5; 162:24-163:1.** Plaintiff admits that he has no evidence that an alleged "Mercer method" was applied to him, admitting that he was not given more duties than he thought he could handle, and in fact, the amount of work that he was responsible for was *less* after the merger when he worked in the Team Leader position. *Id.* **at pp. 155:7-9, 78:1-3.** Thus, these alleged comments are at best "stray remarks." Testimony and documents involving these remarks or discussing the reorganization process should plainly be excluded. **Joint Pretrial Order, Plaintiff's Exh. 34, 35, 36, 37;** Fed. R. Evid. 402, 602, 802. Additionally, any argument concerning an alleged "corporate goal of getting rid of older workers," and that "older employees [were] given heavier work assignments" should be excluded too. **Joint Pretrial Order, p. 4(l) and (m).**

The Ninth Circuit held in *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 746 (9th Cir. 2003), that the management committee's use of the term "deadwood" does not suggest age discrimination. The court defined "deadwood" as "a person or thing regarded as useless or unprofitable; a hindrance or impediment," which is not associated with age. *See also EEOC v. Clay Printing Co.*, 955 F.2d 936, 942

1  (4th Cir. 1992), *rev'd on other grounds*, 311 F.3d 1253 (10th Cir. 2002) (reference to "deadwood" does

2  not show discriminatory animus).

3      The alleged comments by the consultant are even further removed and remote in time from

4  the employment decisions in this case than the type of comments that have been repeatedly found to

5  be insufficient by the Ninth Circuit Court of Appeals.  *Waizmann v. SPPC*, 291 Fed. Appx. 106, 2008

6  U.S. App. LEXIS 18214 *3 (9th Cir. 2008) (stray remarks that were uttered in an ambivalent manner

7  and were not tied directly to plaintiff's termination were insufficient to establish pretext); *Copeland v.*

8  *Ryder Serv. Corp.*, 323 Fed. Appx. 490, 2009 U.S. App. LEXIS 5607 *5-6 (9th Cir. 2009) (stray remarks

9  were insufficient evidence from which a fact finder could conclude that plaintiff's termination was

10  motivated by age).

11      SPPC also anticipates that Plaintiff will attempt to produce evidence of alleged comments by

12  Mercer made in late 2001 to 2002.  Plaintiff contends that Mercer used the term "low-hanging

13  fruit," which he claims somehow evidences age discrimination.  **Exhibit K (Snow Depo.), pp.**

14  **10:19-13:21; Joint Pretrial Order, Plaintiff's Exh. 20, bates-stamp no. 2300, 2304;**

15  **Plaintiff's Exh. 22, bates-stamp no. 2280-2283, attached as Exhibits L and M.**    Snow

16  testified that "low hanging fruit" means "things that you can get after easily because they're right in

17  front of you," and "pretty easy in order to implement."  ***Id***.  She also testified that the comment did

18  *not* relate to personnel issues.  ***Id***. **at p. 13:17-21.**  In a presentation prepared by Mercer, Mercer

19  states with respect to "low-hanging fruit," "change practice or process quickly and begin

20  implementation as soon as possible."  **Plaintiff's Exh. 20, doc. 2304, attached as Exhibit L.**

21  There is no evidence that this presentation had any impact on Buonanoma's employment, or that

22  any of the decision-makers were involved with or attended that presentation.  Buonanoma admits

23  that he never attended a meeting with Mercer, that no meeting took place between the

24  presentation and his removal, and Mercer was "going to look at the organization and…see if it could

25  be made more efficient…."  **Exhibit J (Plaintiff's Depo.), pp. 135:20-136:6.**

26      Mercer's proposal for work, identified as Plaintiff's Exhibit 20, was simply that – a proposal

27  for work that provided an estimate of cost.  **Joint Pretrial Order, Plaintiff's Exh. 20, attached**

28  **as Exhibit L.**  Esse's testimony about payments made by SPPC to Mercer is also irrelevant and

NV ENERGY
6100 Neil Road
Reno, NV  89511
775.834.5781

hearsay.  She testified, "I found a check issued to Mercer for about five hundred and seventy dollars; I don't remember how much it was." **Exhibit H (Esse Depo.), pp. 27:9-30:5; *see also* Exhibit E (Pena Depo.), p. 20:2-5.**

Buonanoma intends to use a portion of a consulting report prepared by Mercer to show "SPPC Human Resources Department's deficiencies," and that "Buonanoma's Department [was] adequate." **Joint Pretrial Order, Plaintiff's Exh. 7, 8.**  The unreliable nature of these hearsay documents as to those points is explained by Jacqueline Kirkland's testimony.  Ms. Kirkland was formerly employed by SPPC as a Human Resources representative, and is the only witness who has testified concerning Mercer's consulting reports.  Notably, Buonanoma has not identified a Mercer employee or the individual who prepared these documents as a witness.

Statements by Mercer are not probative evidence of age discrimination and should be excluded.  The alleged comments and documents prepared by Mercer are irrelevant to the claims at issue in this trial, and any probative value of such evidence is outweighed by the danger of unfair prejudice to SPPC.  Moreover, such evidence would only serve to confuse the jury as to the relevant issue, i.e., whether Plaintiff was discriminated against because of his age in 2002.  *See* Fed. R. Evid. 402, 403, 602.  They are also inadmissible hearsay.  Fed. R. Evid. 802.

GRANTED: _____          DENIED: _____

**G.      Motion *In Limine* To Exclude Argument Or Evidence Related To A Failure To Promote Claim By Buonanoma And His Alleged Resulting Damages.**

**1.      The Evidence Is Time-Barred.**

In his Charges of Discrimination dated November 19, 2002, and February 18, 2003, Buonanoma alleged that SPPC discriminated against him by removing him from the Team Leader, Support Services position and terminating him in December 2002.  **Exhibit N (Charges of Discrimination).**  He did *not* allege that he should have been promoted to the Team Leader, Facilities position that Mitch Andreini was awarded, the Manager, Support Services position that Branch was awarded, or the Team Leader, Gas Distribution position.  **Exhibit O (Buonanoma Affidavit) ¶¶ 2-5; Plaintiff's Exh. 27.**  Thus, any such claim is time-barred.  *See Jones v. Denver Post Corp.*, 203 F.3d 748, 754-55 (10th Cir. 2000) (dismissing plaintiff's claim for failure to

1  promote to position in February 1996 when charge of discrimination alleged claim for failure to

2  promote to the same position in May 1996); *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830 (8th

3  Cir. 2002); *Evans v. Comcast of Colorado*, 2007 U.S. Dist. LEXIS 53379 (D. Colo. 2007) (holding

4  that the plaintiff could not pursue an age discrimination claim based upon the defendant's alleged

5  failure to promote her to a position not asserted in her charge of discrimination).

6        The scope of a civil action alleging age discrimination is limited by the charge filed with the

7  EEOC. *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990) (citing 29 U.S.C. §

8  626(d)), and *Limongelli v. Postmaster General*, 707 F.2d 368, 373 (9th Cir. 1983)).  "Discrete acts

9  such as termination, *failure to promote*, denial of transfer, or refusal to hire are easy to identify"

10  and "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes

11  a separate actionable 'unlawful employment practice.'"  *National Railroad Corp. v. Morgan*, 536 U.S.

12  101, 114 (2002)(*emphasis supplied*).  Thus, "discrete discriminatory acts are not actionable if time

13  barred, even when they are related to acts alleged in timely filed charges."  *Id.* at 113.  Instead,

14  "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act."  *Id.*

15        Buonanoma was required, but failed, to file his Charge within 300 days of these

16  employment actions.  *See* 29 U.S.C. §626(d); **Exhibit G (Branch's Depo.), Vol. I, pp. 19:12-**

17  **24.**  As a result, Buonanoma cannot now claim that he should have been promoted to any of these

18  positions, or that he was paid less than Andreini due to discrimination, and any such argument or

19  evidence should be excluded.

20        Further, Andreini's payroll records identified as Plaintiff's Exhibit 14, and any argument or

21  other evidence of damages allegedly resulting from a time-barred event, should be excluded

22  because Plaintiff may not collect damages for harm incurred in allegedly discriminatory events that

23  are outside the limitations period.  *Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir. 2002)

24  ("appellants may not sustain a cause of action for relief from present injury caused by time-barred

25  acts"; *Walker v. Contra Costa County*, 2006 U.S. Dist. LEXIS 86339 *22 (N.D. Cal. 2006).  Allowing

26  such evidence creates the risk that the jury will do so.

27  ///

28  ///

**2.    The Evidence Is Not Relevant As Background Evidence.**

In *National Railroad Passenger Corp. v. Morgan,* the United States Supreme Court held that discrete acts of discrimination that occur outside the statutory time period for filing a charge of discrimination are time-barred even if they are related to acts alleged in a timely-filed charge. *National Railroad Passenger Corp. v. Morgan*, 122 S. Ct. 2061 (2002).   Based on the identification of Mitch Andreini as a witness and proposed exhibits in the Joint Pretrial Order, it appears that Plaintiff will be trying to admit evidence related to these time-barred promotional opportunities, presumably as "background" evidence under *Morgan.*  **See Joint Pretrial Order, pp. 9, 13, and 14, Plaintiff's Exh. 14 (payroll records of Mitch Andreini), Exh. 27 (letter regarding Gas Distribution position), Exh. 29 (Job Applications for Team Leader, Facilities position), Exh. 31 (staffing evaluation forms doc. 2566-2569), Exh. 32 (staffing database), Exh. 33 (staffing summary form), Exh. 39 (application, evaluation and selection documentation Team Leader, Facilities).**  This evidence should be excluded.

Ninth Circuit case law provides instruction as to when time-barred evidence may be admitted as background evidence in a discrimination case and makes clear that it would be inappropriate to allow Plaintiff to introduce evidence of the time-barred promotional opportunities at trial in this matter.  In *Lyons v. England,* 307 F.3d 1092 (9th Cir. 2002), the Ninth Circuit directly addressed the issue of when time-barred events should and should not be admitted as background evidence in employment discrimination cases. It held that the determination of whether such evidence should be admitted is controlled by the Federal Rules of Evidence, including an appropriate application of the Rule 403 balancing process.  *Id.* at 1110.

The Ninth Circuit in *Lyons* held that in the context of a racial disparate treatment claim, admissible background evidence must be relevant to determine "the ultimate question:  whether the defendant intentionally discriminated against the plaintiff because of his race." *Id.* at 1110.  In explaining this standard, the *Lyons* Court cited to the holding *Tennison v. Circus Circus Enterprises*, 244 F.3d 684 (9th Cir. 2001).  In *Tennison*, the Ninth Circuit affirmed the district court's exclusion of testimony from coworkers that they had been harassed by the same employee as the plaintiffs, noting that district courts enjoy considerable discretion in determining whether to exclude evidence

under Rule 403 for unfair prejudice.  *Id.* at 689-90.  In *Tennison*, the district court ruled that the prejudice to the employer outweighed the probative value of the evidence because admission of the testimony might have resulted in a "mini trial" on the prior alleged acts.  *Id.* at 690.  The Ninth Circuit in *Lyons* noted with approval that exclusion of the prior acts in *Tennison* was proper since much of the information was disputed by the defendant and because (1) admission of the prior time-barred acts would result in an inefficient use of the court's time and confusion to the jury, and (2) admitting the evidence along with the employer's rebuttal evidence would create a significant danger that the jury would base its assessment of liability on time-barred events.  *Lyons*, 307 F.3d at 1110 n.13.

Here, evidence related to the time-barred promotional opportunities should be excluded pursuant to Federal Rule of Evidence 403 for the same reasons that the co-worker testimony was excluded in *Tennison*.  The probative value of evidence regarding the time-barred promotional opportunities is insignificant compared to the potential for confusion for the jury and prejudice to Defendant.  There is no direct evidence concerning the time-barred promotional opportunities that would tend to show that Plaintiff did not receive the promotions based upon his age or sex.

With respect to the Team Leader, Facilities position, the individual that was awarded the position was 40 years old at the time and male.  **Exhibit J (Plaintiff's Depo.), pp. 75:19-21, 163:24-164:1.**  Andreini had held the Team Leader, Facilities position since 1997.  Buonanoma, on the other hand, was chosen for the Team leader, Support Services, position because he had been a Coordinator supervising the same employees in the copy center, print shop and mail room, and by his own admission, he "really didn't have to learn anything new," and "it was basically [his] old job."  *Id.*, **pp. 8:25-9:12, 65:16-24, 73:8-11, 76:16-77:25.**  Thus, if Plaintiff were allowed to present evidence pertaining to his belief that he was discriminatorily denied the 1999 promotion as "background" for his timely claim, SPPC would need to present rebuttal evidence as to that evaluation process, effectively resulting in a "mini trial," for the time-barred promotional opportunity.

For the same reasons, evidence that Buonanoma should have been promoted to the Team Leader, Gas Distribution position, or the Manager, Support Services position that Branch was

NV ENERGY
6100 Neil Road
Reno, NV  89511
775.834.5781

awarded should be excluded.  Moreover, Buonanoma admits that he did not bid on the Manager position, **Exhibit J (Plaintiff's Depo.), pp. 11:16-12:1, 16:9-15,** and Branch was 45 years old when she was awarded the Manager position.

Balancing all of the foregoing under Rule 403, it is clear that any minimal probative value of the disputed evidence regarding the time-barred promotional opportunities, the judicial inefficiency that would be caused by the admission of such evidence, and the danger of unfair prejudice to SPPC compel a finding that this evidence should be excluded at trial.  *Walker v. Contra Costa County*, 2006 U.S. Dist. LEXIS 86339 *18-23 (N.D. Cal. 2006) (finding that evidence of time-barred events was not relevant to defendant's intent years later, and that "allowing plaintiff to prove the discriminatory nature of each incident would both consume undue time and eviscerate the statute of limitation").  As stated in *Walker*, "allowing Plaintiff to testify to the details of each incident, his belief that he had suffered discrimination, and the reasons for his belief would be unfairly prejudicial to the Defendants."  *See Id*. at *22.

Defendant also anticipates that Plaintiff intends to offer evidence that Andreini attended a supervisory course and that his pay was higher than Buonanoma's pay.  Andreini's testimony and his payroll records should be excluded because Andreini was not "similarly-situated" to Buonanoma.  *Hamilton v. Sears Roebuck & Co.*, 2008 U.S. Dist. LEXIS 14447 *21 (D. Nev. 2008), *citing*, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641-42 (9th Cir. 2003).   Also, the evidence shows that Buonanoma *was enrolled in* a supervisory course, and Buonanoma admits that Andreini had been a Team Leader since 1997 before taking on both "inside" and "outside" Facilities as the "Manager" of the Facilities department, while Buonanoma was a Coordinator prior to his promotion to Team Leader.  **Exhibit P (Defendant's Exh. 406, bates 2004-2005); Exhibit Q (Defendant's Exh. 443, bates 2131); Exhibit J (Plaintiff's Depo.), pp. 7:21-8:7, 8:25-9:4, 73:19-74:6.**  Plaintiff and his counsel should not be permitted to dream up irrelevant and prejudicial last minute issues which will greatly lengthen the trial and confuse the jury.

GRANTED:  _____          DENIED:  _____

///

///

**H.     Motion *In Limine* To Exclude Argument Or Evidence Of Alleged Rumors, Discrimination Complaints Or Lawsuits By Other Employees, Or Compromise Negotiations Between SPPC And Other Employees Or An Agency.**

SPPC anticipates that Plaintiff will seek to elicit testimony from Mitch Andreini, Patrizia Esse, Mary Jean Snow and Marie Stuersel regarding unrelated lawsuits and/or compromise negotiations between these former employees and SPPC.  These lawsuits have no relevance to the current case except to cause the jury to form a negative view of SPPC.  Fed. R. Evid. 402.  The high risk of unfair prejudice, confusion of the issues, and misleading the jury outweighs any potential probative value.  Fed. R. Evid. 403.  Evidence of any compromise negotiations between SPPC and these former employees or an agency is barred by Fed. R. Evid. 408.

Pena was questioned generally about the number of pending claims against the company.  **Exhibit E (Pena Depo.), p. 34-35.**  There is no evidence of the allegations asserted in these claims.  He and Kirkland were questioned about an agreement between SPPC and the DOL, and Kirkland was also questioned about an investigation by the DOI where the company was not found to be at fault.  ***Id.* at p. 40-43, 45-46; Exhibit D (Kirkland Depo.), pp. 143:25-145:22.** There is no evidence of the specific terms of the agreement.  The agreement is not identified as an exhibit in the Joint Pretrial Order.  Gloria Banks Weddle testified that she was deposed in other discrimination lawsuits or charges of discrimination against SPPC.  **Exhibit I (Weddle Depo.), p. 6:15-18, 16:15-17:9, 18:13-19:3.**  There is no evidence of the specifics of the lawsuits.  Such testimony is hearsay and irrelevant and any potential value is outweighed by the risk of unfair prejudice.

Andreini resigned in July 2006, four years after Plaintiff's termination, and filed suit in April 2008, six years after Plaintiff's termination.  Andreini was the Manager of the Facilities Department.  Mary Jean Snow was terminated in September 2007, five years after Plaintiff's termination.  Snow was a Manager in the Distribution of Design Department.  Esse was terminated in March 2004, more than a year after Plaintiff's termination.  Esse was an accountant and later worked in the tax department.  **Exhibit H (Esse Depo.), pp. 10:6-8, 13:5-8.**  Esse alleged that she was treated less favorably than male employees, the opposite of Buonanoma's allegations.  Because these

employment decisions are entirely unrelated to Buonanoma's employment, any evidence of their complaints or lawsuits, which assert only allegations, against SPPC should be excluded.   *Chirdo v. Minerals Technologies, Inc.*, 2009 U.S. Dist. LEXIS 51466 *3 (E.D. Pa. 2009), *citing*, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008) (the probative value of the testimony of another former employee did not outweigh the danger of prejudice of testimony regarding the facts of his employment discrimination case, which were "particularly acute" here because he had settled his lawsuit with the defendants).

For similar reasons, evidence of other complaints of discrimination should be excluded because it is irrelevant and the prejudice to SPPC is outweighed by any probative value.   Fed. R. Evid. 402, 403.   Specifically, SPPC moves to exclude such testimony from the following witnesses identified by Plaintiff:  Rod Sloan, Sarah Britt, Suzanne Brown, Mitch Andreini, Patrizia Esse,[3] Mary Jean Snow and Marie Stuersel.   Not only were Sloan, Britt, and Brown disclosed late, testimony by these witnesses, in addition to Andreini, Snow, and Stuersel is irrelevant to Plaintiff's individual disparate treatment claim and unfairly prejudicial, and would tend to confuse the jury into believing it could hold SPPC liable for other acts of alleged discrimination beyond those asserted in this lawsuit.   If Plaintiff is allowed to elicit testimony that these individuals believe they or other employees were similarly discriminated, SPPC will be forced to submit evidence to rebut their allegations, creating numerous "mini-trials."

None of these witnesses were supervised by Angela Branch, nor were they employed in the Support Services Department.   None of them had jobs similar to the Plaintiff.   None of them engaged in conduct similar to Plaintiff's poor performance that resulted in his removal from the Support Services position.   Accordingly, this evidence is irrelevant to Plaintiff's claim as it involves completely different circumstances and unfairly prejudices SPPC.   As such, this "me too" type of testimony should be excluded.   *Guinan v. Potter*, 307 Fed. Appx. 92, 2009 U.S. App. LEXIS 2391 (9th Cir. 2009), *citing*, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008) (district court properly excluded testimony by nonparties who alleged discrimination by supervisors who were not involved in the decisions by requiring that "similarly situated" employee-witnesses "have similar

---

[3] **Exhibit H (Esse Depo.), pp. 38:15-46:16; Exhibit R (Stuersel Depo.), pp. 5:2-12.**

NV ENERGY
6100 NEIL ROAD
RENO, NV  89511
775.834.5781

jobs and display similar conduct" to the plaintiff).

For example, Brown was a clerical employee in the Facilities department, and the circumstances surrounding Brown's termination are completely different than the events that lead to Plaintiff's termination.  In other litigation, Brown admitted in her deposition that she has a problem with alcohol and that she was terminated as a result for violating the company's drug and alcohol policy by testing positive for alcohol use on *three occasions*.  **Exhibit S (Brown's Depo.), 98-103, 111-115, 121-123.**  Brown admitted, "I knew that I was in trouble."  When asked whether she understood that testing positive for alcohol over a level of .02 was a violation of company policy, she testified, "absolutely."  *Id.* **at pp. 102-103.**

Also, SPPC anticipates that Plaintiff intends to present testimony by Rod Sloan that he was not promoted to the Team Leader, Support Services position in 2006 due to his age, and testimony that Ralph Negron, Rachel Bixby and Joanne Osborne were hired due to their age.  Sloan applied for the company's *voluntary severance program* and retired in December 2009.  Unlike Buonanoma, he was not terminated.  Thus, testimony by these employees is irrelevant for the additional reason that Buonanoma has not asserted either failure to hire or failure to promote claims.  Promotional and hiring decisions are completely unrelated to how discipline is determined.  *McDole v. City of Saginaw*, 2008 U.S. Dist. LEXIS 107273 *7-9 (E.D. Mich. 2008), *citing*, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008) (holding that hiring and promotion practices were not probative of whether race motivated defendant's decision to terminate plaintiff, and allowing plaintiff to litigate the issue of whether defendant had discriminatory hiring or promotion practices was likely to confuse the jury as to the issues in the case).

Further, Plaintiff will contend that Suzanne Brown was discriminated against in 2008, *six years* after Plaintiff's termination, that Sarah Britt was discriminated against in 2006, *four years* after Plaintiff's termination, and that Rod Sloan was discriminated against in 2004, *two years* after Plaintiff's termination.  These events are too remote in time from, and occurred years after, the alleged discrimination in this case.  Ralph Negron was hired for the Team Leader, Facilities position in 2006, and therefore, any testimony by Mr. Negron has no relevance to this case since Plaintiff was terminated in 2002, Plaintiff was never employed in that position, and Plaintiff is not

1   contending that he should have been awarded that position over Mr. Negron.  Rachel Bixby became

2   a Services Coordinator in the Facilities Department in November 2007, which is not in any way

3   relevant to Plaintiff's termination from a position in the Support Services Department five years

4   earlier.  Also, Angela Branch, Plaintiff's supervisor, played no role in the employment decisions

5   affecting Brown, Britt, Negron or Bixby.

6          Joanne Osborne replaced Cathy Palmer in 2004, three years after Plaintiff was removed

7   from the Team Leader position.  Osborne's placement into the Team Leader position is also too

8   remote in time, and any evidence related to Osborne should be excluded.  *Gutknecht v. Smithkline*

9   *Beecham Clinical Laboratories, Inc.*, 950 F. Supp. 667, 674, n. 7 (E.D. Pa. 1996), *aff'd*, 135 F.3d

10  764 (3rd Cir. 1997).  In rejecting plaintiff's argument that he satisfied a *prima facie* case because a

11  younger employee assumed his duties one year after his termination, as the court in *Gutknecht*

12  stated, "If plaintiff's argument is taken to its logical extreme, the duties of a terminated employee

13  will always become the responsibility of a younger employee when looking far enough into the

14  future." *Id.* at p. 674, n. 7; *Densmore v. Hoffmann-La Roche Ins.*, 1991 U.S. Dist. LEXIS 14359 *3-

15  4 (E.D. Mich. 1991) ("the fact that a younger worker eventually replaced plaintiff, and this was not

16  until after the plaintiff had exhausted her sick leave, is insufficient to state a *prima facie* case of age

17  discrimination").

18         Finally, Esse's testimony is purely speculative.  Fed. R. Evid. 602.  She testified that she

19  would "see in the accounting department, the supervisors which were of a certain age got all (sic)

20  substituted, but I think by younger people at that particular point in time."  **Exhibit H (Esse**

21  **Depo.), pp. 19:12-20:3.**  Esse admits, "Perhaps they didn't have length of employment in that

22  position; I don't know."  ***Id.* at p. 19, 22-24.**  She also admits that she was "mak[ing] an

23  assumption." ***Id.* at p. 19:15.**  Further, Esse testified that she is not aware of any employee that

24  was fired because of their age.  **Exhibit H (Esse Depo.), p. 48:17-22.**

25         Also, Victor Pena was questioned about alleged rumors that he used the word "nigger" and

26  was asked to resign.  **Exhibit E (Pena Depo.), p. 31.**  Any evidence or argument concerning

27  alleged rumors should also be excluded.  Buonanoma's reverse race discrimination claim was

28  dismissed by this Court, and the Ninth Circuit Court of Appeals upheld the dismissal of that claim.

Evidence or argument of speculative rumors are inadmissible hearsay, and irrelevant to Buonanoma's remaining claims, and they would be irrelevant to his reverse race discrimination claim in any event.  Kirkland was questioned by Plaintiff concerning other internal complaints of discrimination, testimony concerning alleged pay discrimination and sexual harassment, and settlement negotiations in another unrelated matter, which are not at issue here and should also be excluded.  **Exhibit D (Kirkland Depo.), p. 90:19-95:19, 194:22-197:21.**

Defendant will appear at trial prepared to try the case of Dennis Buonanoma.  Defendant should not be required to spend weeks trying other cases and any testimony concerning complaints or lawsuits by, or settlement negotiations with, Andreini, Esse, Snow, Sloan, Britt, Brown should be excluded.  Similarly, testimony by Bixby, Negron and Osborne should be excluded.  Fed. R. Evid. 402, 403, 602, 802.

GRANTED: _____          DENIED: _____

## I.      Motion *In Limine* Re "Google" And Alleged Stigma.

SPPC also moves for an order precluding Plaintiff from introducing any evidence, or from his counsel commenting in opening statement or closing argument that he remains unable to find employment because there is a stigma related to leaving SPPC or because prospective employers "Google" his name (or use any other search engine) and see that he filed the instant lawsuit, or in any other manner informing the jury that a record of this litigation is accessible through "Google" or any other search engine.  Plaintiff testified that he "believes" that there is a stigma attached to employees who leave SPPC.  **Exhibit J (Plaintiff's Depo.), p. 22:10-23:21.**  His testimony is irrelevant, speculative and inadmissible hearsay.  Fed. R. Evid. 402, 403, 602, 802.

Plaintiff also attempts to explain his inability to find employment on alleged retaliation by prospective employers who allegedly "Google" his name and see that he filed the present lawsuit against Defendant.  In the deposition of Terrance Dinneen, Buonanoma's counsel questioned Mr. Dinneen as to whether Dr. Carroll's report differentiates between "the re-employment rate of persons who are suing their former employer versus persons who are not suing their former employer."  **Exhibit T (Dinneen Depo.), p. 97:15-19.**  This evidence should be excluded for several reasons.

First, it is well settled that a plaintiff may not, in the very same action, seek recovery against the defendant for damages allegedly arising out of the litigation process itself.  For instance, courts have held that a plaintiff may not sue a defendant and then attempt to recover damages for emotional distress brought on by that lawsuit.  *Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 736 n.3 (D. N.J. 1998) (holding that plaintiff in hostile work environment case could not recover from emotional distress caused by the litigation); *Timms v. Rosenblum*, 713 F. Supp. 948, 955 (E.D. Va. 1989) (noting the "wisdom" of precluding recovery for mental anguish stemming from the litigation process).  Here, Plaintiff attempts to seek lost earnings against Defendant claiming, in part, that employers will not hire him because a computer search engine reveals this lawsuit.  He should be precluded from introducing this evidence or asserting this argument in the opening statement or closing argument because he cannot recover damages allegedly incurred as a result of the litigation he initiated.

Second, Rule 403 limits the admissibility of otherwise relevant evidence when countervailing factors "substantially outweigh" its probative value.  Fed. R. Evid. 403.  The countervailing factors include the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, waste of time, and needless presentation of cumulative evidence.  *Id*.  Admission of this evidence would certainly result in the jury punishing Defendant for the alleged retaliation by prospective employers.  Indeed, to the extent that Plaintiff has evidence, *i.e.* more than mere speculation, that a prospective employer denied his employment because it learned of this lawsuit via a "Google" search, then the proper remedy is a retaliation action against that employer - not an award against Defendant.

Finally, Federal Rule of Evidence 602 precludes testimony from witnesses who do not have personal knowledge about the testimony given.  Even if "Googling" Plaintiff's name reveals this lawsuit, because Plaintiff was never told by a prospective employer that he was denied employment for that reason, such testimony is based on speculation.[4]  Fed. R. Evid. 602.

GRANTED:  _____          DENIED:  _____

---

[4] If Plaintiff was told he was denied employment for this reason, that testimony should be precluded because, among other reasons, it is hearsay.  Fed. R. Evid. 802.

NV ENERGY
6100 Neil Road
Reno, NV  89511
775.834.5781

**J.    Evidence Of Economic Damages Should Be Excluded; Front Pay Is An Equitable Remedy For The Court To Determine Under Both The ADEA And Title VII, And Back Pay Is An Equitable Remedy For Title VII Purposes.**

Plaintiff claims that he was discriminated against by being removed from the Team Leader, Support Services position and ultimately terminating his employment.  Even if the jury finds for Plaintiff on his ADEA and Title VII claims, the Court and not the jury must determine whether to award him the equitable remedy of front pay and, if so, the amount of any such award.  *See, e.g.*, *Traxler v. Multnomah Co.*, 596 F.3d 1007 (9th Cir. 2010).  Further, for purposes of Plaintiff's gender discrimination claim under Title VII, it is the Court's job to determine any back pay to be awarded to the Plaintiff.  *See, e.g., Lutz v. Glendale Union High Sch. Dist. No. 205*, 403 F.3d 1061 (9th Cir. 2005).

In *Traxler*, the Ninth Circuit explained that, for purposes of employment-related statutes, including the FMLA, ADEA and Title VII, front pay is an equitable remedy which is determined by the Court. *See Traxler*, 596 F.3d 1007 at *8-11 ("The characterization of front pay as an equitable remedy is consistent with the general nature of front pay in the context of other employment-related statutes."); *accord Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853 n.3 (2001) (citation omitted) (observing, in the context of Title VII, that "'[a] front pay . . . award is the monetary equivalent of the equitable remedy of reinstatement").  Because front pay is a "proxy for reinstatement", the Ninth Circuit explained that that awards of front pay are "equitable award[s] within the purview of the court, not the jury." *Traxler*, 596 F.3d 1007 at *9.  The Ninth Circuit went on to explain that "[n]early all of the circuits that have considered front pay under the ADEA treat the remedy as wholly equitable, leaving both the availability and amount of front pay to the court." *Id.* at * 12 (citing *Newhouse v. McCormick & Co.*, 110 F.3d 635, 643 (8th Cir. 1997), *Denison v. Swaco Geolo-graph Co.*, 941 F.2d 1416, 1426-27 (10th Cir. 1991); *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991); *Fortino v. Quasar Co.*, 950 F.2d 389, 398 (7th Cir. 1991); *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 823 & n.4, 824 (5th Cir. 1990); *Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1545 (11th Cir. 1988); *Dominic v. Consol. Edison Co. of N.Y., Inc.*, 822 F.2d 1249, 1257-58 (2d Cir. 1987)).  Accordingly, for purposes of Plaintiff's Title VII and ADEA claims, any award of front pay must be decided by the Court and not the jury.

1    Similarly, should the jury find in favor of the Plaintiff on his Title VII gender discrimination

2    claim, it is the Court that must determine any back pay to be awarded under that statute. In *Lutz*,

3    the Ninth Circuit held "that there is no right to have a jury determine the appropriate amount of

4    back pay under Title VII, . . . even after the Civil Rights Act of 1991." *Lutz*, 403 F.3d 1061 (9th Cir.

5    2005).  There, the court allowed the jury to determine whether to award back pay and the amount

6    of the award.  Although the Court of Appeals found that the plaintiff had appropriately requested a

7    jury trial on the issue of back pay, it agreed with the defendant's position that "back pay is a matter

8    for resolution by the court, not an issue triable of right by a jury." *Id.*  Thus, under *Lutz*, even if

9    liability is found, "the district court must exercise its discretion to determine an appropriate amount

10   of back pay, if any." *Id.*

11       The Court should preclude Plaintiff from presenting any evidence or otherwise referring to

12   front pay or back pay under Title VII in the presence of the jury because these are equitable

13   remedies that the Court should decide outside the presence of the jury.  Further, Plaintiff and his

14   counsel should not be permitted to present any evidence or make any reference to front pay under

15   the ADEA claim.

16       GRANTED:  _____          DENIED:  _____

17       **K.     Motion *In Limine* To Exclude Evidence Of Sppc's Net Worth.**

18       In his First Amended Complaint, Plaintiff seeks an award of punitive damages.  **First**

19   **Amended Complaint, Doc. No. 19.**  Evidence of a defendant's net worth is not admissible until

20   after a plaintiff establishes a *prima facie* case for punitive damages.  *999 v. C.I.T. Corp.*, 776 F.2d

21   866, 872 (9th Cir. 1985).  Otherwise, such evidence is distracting and prejudicial.  *Id.* (*citing Geddes*

22   *v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  Thus, SPPC requests an order

23   precluding Plaintiff from introducing any evidence regarding SPPC's net worth until, and if, Plaintiff

24   establishes a *prima facie* case for punitive damages.

25       GRANTED:  _____          DENIED:  _____

26   ///

27   ///

28   ///

**L.     Motion *In Limine* To Exclude Any Testimony or Evidence From An Expert Not Properly Disclosed.**

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rule of Evidence." Fed.R.Civ.P. 26(a)(2)(A).  Under Rule 26(a)(2)(B), the expert disclosure must be accompanied by a written report.

For the first time in the Joint Pretrial Order, Buonanoma identified an expert report prepared by Navigant Consulting, Inc. in an unrelated matter, *Andreini and Belles v. SPPC*, 3:08-cv-00179-LRH-VPC.  Buonanoma failed to identify the expert who prepared the report as an expert witness who may be used at trial pursuant to Rule 26(a)(2)(A).  **Exhibit U (Plaintiff's Designation of Expert Witnesses and Reports).**  Buonanoma also failed to disclose the written report pursuant to Rule 26(a)(2)(B).  Buonanoma has never disclosed Navigant as an expert, nor did he produce the report by the discovery deadline.

Exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).  *Yeti by Molly, Inc. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed.R.Civ.P. 37(c).  Because Buonanoma failed to designate this expert witness or disclose the report pursuant to Rule 26(a)(2)(A) and (B), he should be precluded from offering any testimony by this expert or the report prepared for another matter pursuant to Rules 702, 703, and 705.

GRANTED: _____          DENIED: _____

**III.     CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant its motions *in limine* set forth above.

Dated:  August 13, 2010.                    LITTLER MENDELSON, P.C.


By:_____/s/_____
                    PATRICK H. HICKS, ESQ.
                    KARYN M. TAYLOR, ESQ.

                    Attorneys for Defendant
                    SIERRA PACIFIC POWER CO.

**PROOF OF SERVICE**

I, TARYN CIARDELLA, hereby declare and state:

I am over the age of eighteen years, employed by NV Energy in the County of Washoe, Nevada, and not a party to the within action.   My business address is 6100 Neil Road, Reno, Nevada 89511.

On August 13, 2010, I served the **DEFENDANT SIERRA PACIFIC POWER COMPANY'S FIRST SET OF MOTIONS *IN LIMINE*** on the following by filing electronically through CM/ECF:

**ANNE M. VOHL, ESQ.**
**One East Liberty Street, 6th Floor**
**Reno, NV 89504**

**Fred Hill Atcheson, Esq.**
**Nevada Bar No. 0135**
**P.O. Box 8292 University Station**
**Reno, NV 89507**

I declare under penalty of perjury that the foregoing is true and correct.   Executed on August 13, 2010 at Reno, Nevada.

_____/s/_____
TARYN CIARDELLA

NV ENERGY
6100 Neil Road
Reno, NV 89511
775.834.5781