UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DENNIS BUONANOMA,

    Plaintiff,

v.

SIERRA PACIFIC POWER COMPANY, ANGELA BRANCH, JACQUELINE KIRKLAND, MARIEKA MEYER,

    Defendants.

3:04-cv-0077-LRH-VPC

ORDER

Before the court is plaintiff Dennis Buonanoma's ("Buonanoma") motions in limine to exclude certain evidence (Doc. #131[1]) and to admit certain evidence (Doc. #132). Defendant Sierra Pacific Power Company ("SPPC") filed oppositions to both motions. Doc. ##139, 138.

Also before the court is defendant SPPC's motion in limine to exclude (Doc. #133) to which Buonanoma responded (Doc. #137).

**I.    Facts and Procedural History**

This case arises out of Buonanoma's termination from SPPC based upon alleged age and gender discrimination.[2] On February 20, 2004, Buonanoma filed a complaint against SPPC.

---

[1] Refers to the court's docket entry number.

[2] For a brief overview of the underlying facts and case history see the court's September 21, 2005 order granting SPPC's motion for summary judgment. Doc. #86.

1  Doc. #1. After substantial discovery and pre-trial motions the court scheduled this matter for trial.

2  *See* Doc. #129. Thereafter, the parties filed the present motions in limine. Doc. ##131, 132, 133.

3  **II.    Buonanoma's Motion in Limine to Exclude Evidence (Doc. #131)**

4  Buonanoma requests this court exclude certain evidence as irrelevant and prejudicial under

5  the Federal Rules of Evidence. Doc. #131. After filing his motion in limine to exclude evidence,

6  the parties came to an agreement concerning several issues presented in Buonanoma's motion.

7  Where applicable, the court will identify those issues and embody the parties' agreement.

8  **A.   Uncontested Issues**

9  Buonanoma requests the court exclude from trial any evidence regarding (1) his failure to

10 attend a meeting concerning potential anthrax contamination in the SPPC mailroom, (2) the

11 leadership file Angela Branch kept while she was supervising Buonanoma from 1999 through

12 2001, (3) a contract between SPPC and Savin for lease of a machine he allegedly authorized, (4)

13 his performance after he was removed from his position as Support Services Team Leader, and

14 (5) severance offers made by SPPC prior to his termination. *See* Doc. #131.

15 The parties have resolved these issues and agree that evidence relating to Buonanoma's

16 failure to attend the anthrax meeting, Angela Branch's leadership file, the circumstances

17 surrounding the Savin lease contract, and Buonanoma's post-Team Leader job performance is

18 relevant and admissible. The parties further agree that evidence concerning SPPC's severance offer

19 is irrelevant and should be excluded. Accordingly, the court shall grant in-part and deny in-part

20 Buonanoma's motion in limine at to these evidentiary issues in accordance with the parties'

21 agreement.

22 **B.   Expert Testimony**

23 Buonanoma also requests the court exclude the expert report and trial testimony of SPPC's

24 expert, Dr. Thomas Carroll ("Dr. Carroll"). The parties have resolved this issue and agree that both

25 Dr. Carroll, and Buonanoma's rebuttal expert, Terrence Dinneen, should be excluded from

26

2

testifying at trial and their reports excluded. Accordingly, the court shall grant the motion in limine in this regard.

### C. Contested Issues[3]

Buonanoma requests the court exclude the leadership file Steve Moyer ("Moyer") kept while he was supervising Buonanoma prior to a 1999 merger between SPPC and Nevada Power Company. Buonanoma argues that the leadership file is irrelevant because it covers a date range outside his claims for discrimination and does not pertain to his termination.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Here, Buonanoma has filed a complaint for age and gender discrimination during his post-merger employment with SPPC.

The court has reviewed the pleadings and documents on file in this matter and finds that evidence of Buonanoma's performance throughout his employment, including his pre-merger employment performance, is relevant to SPPC's defense that Buonanoma's termination was based on legitimate business and performance concerns. Furthermore, Moyer was involved in the decision to promote Buonanoma to his new post-merger position of Team Leader, Support Services, the position he contends he was removed from because of alleged age and gender discrimination. Thus, Moyer's leadership file is relevant to Buonanoma's job history and performance. Accordingly, the court shall deny the motion in limine as to Moyer's leadership file.

### III.    Buonanoma's Motion in Limine to Include Evidence (Doc. #132)

Buonanoma requests this court allow him to proffer and admit certain evidence at trial. Doc. #132. After filing his motion in limine to include evidence, the parties came to an agreement concerning several issues presented in Buonanoma's motion. Where applicable, the court will identify those issues and embody the parties' agreement.

---

[3] The parties have been unable to come to an agreement concerning the following evidentiary issue.

3

**A. Uncontested Issues**

Buonanoma requests the court admit at trial (1) certain statistical evidence showing a correlation between age and adverse employment actions by SPPC; (2) his weekly performance reports; (3) his weekly customer contact reports; (4) his prior performance appraisals; (5) his resume; (6) his certificate for completing federal labor relations training; (7) his personal job applications during the 1999 merger; (8) the job descriptions of available positions during the 1999 merger; (9) proposals, reports, and contracts with Mercer Management Consulting, Inc.; (10) Angela Branch's leadership file regarding his replacement Cathy Palmer; (11) schematic drawings of the SPPC Sierra Plaza Building; (12) SPPC organizational charts showing the personnel structure and personnel changes of SPPC departments during the relevant time period; (13) SPPC's Core Competencies manual describing evaluation codes; (14) SPPC's performance improvement plan ("PIP") materials; (15) SPPC's benefits booklet; (16) SPPC's employee handbook; (17) SPPC's 1998 Operating Plan and Budget; and (18) the underlying Equal Employment Opportunity Commission ("EEOC") proceedings. *See* Doc. #132.

The parties have resolved these issues and agree that the statistical evidence; schematic drawing of Sierra Plaza; Angela Branch's leadership file on Cathy Palmer; Buonanoma's weekly performance reports, customer contract reports, prior performance appraisals, resume, and training certificate; and SPPC's organizational chart, PIP materials, benefits booklet, employee handbook, and 1998 operating budget are relevant to Buonanoma's claim for age and gender discrimination and should be admitted. The parties further agree that Buonanoma's personal job applications; the available job descriptions; Mercer Management Consulting, Inc. documents, proposals, and reports; SPPC's Core Competencies manual; and the underlying EEOC proceedings are irrelevant and should be excluded from trial. Accordingly, the court shall grant in-part and deny in-part Buonanoma's motion in limine to exclude as to these evidentiary issues in accordance with the parties' agreement.

### B. Contested Issues[4]

Buonanoma also seeks to admit (1) the payroll records of Mitchell Andreini ("Andreini"); (2) SPPC's posting and promotions package; (3) SPPC created performance objective documents for other SPPC employees; and (4) witness testimony of non-parties and former SPPC employees Mitchell Andreini, Sarah Britt ("Britt"), and Rod Sloan ("Sloan"). *See* Doc. #132.

In opposition, SPPC argues that the court should exclude these documents and witnesses pursuant to Rule 37 of the Federal Rules of Civil Procedure for Buonanoma's failure to identify and provide these documents and witnesses during discovery and pursuant to Local Rule 16-3 for his failure to list the documents and witnesses on the joint pre-trial order. *See* Doc. #138. Specifically, SPPC argues that proposed witnesses Britt and Sloan, along with Andreini's payroll records, the promotions package, and the performance objective documents were not identified or provided during discovery. Further, SPPC argues that neither the promotions package nor the performance objective documents were identified on the joint pre-trial order.

Federal Rule of Civil Procedure 37 states in pertinent part that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Additionally, Local Rule 16-3 states in pertinent part that "except when offered for impeachment purposes, no exhibits shall be received and no witnesses shall be permitted to testify at trial unless listed in the pretrial order" unless there is a showing of good cause for any failure. LR 16-3(d).

The court has reviewed the pleadings and documents on file in this matter and finds that none of the identified documents and witnesses, except for Andreini, were provided or identified throughout the substantial discovery in this matter. Further, the court finds that the promotions package and the performance objective documents were not identified in the joint pre-trial order.

---

[4] The parties have been unable to come to an agreement concerning the following evidentiary issues.

5

1  Additionally, the court finds that Buonanoma has not made a sufficient showing that his
2  failure to include documents on the joint pre-trial order and identify documents and witnesses
3  during discovery was substantially justified or harmless. Buonanoma contends that his failure was
4  the result of an honest mistake, a poor personal filing system, and the recognition that certain items
5  and witnesses which seemed to be of little or no significance when the case was in discovery have
6  recently assumed a greater significance before trial. However, Buonanoma has not identified how
7  these challenged documents and witnesses suddenly became more relevant and significant
8  immediately before trial. Further, the proposed witnesses, as fellow employees of SPPC, were
9  known to Buonanoma when he filed this action. Therefore the court finds that Buonanoma has not
10 made a sufficient showing that his failure to include documents on the joint pre-trial order and
11 identify documents and witnesses during discovery was substantially justified. Accordingly, the
12 court shall deny Buonanoma's motion in limine as to these issues and exclude the aforementioned
13 documents and witnesses from trial.

14 As to non-party Andreini, Buonanoma seeks to have the court allow him to testify
15 regarding his own personal charge of discrimination against SPPC and his belief that SPPC
16 discriminated against employees based on their age after the 1999 merger with Nevada Power
17 Company. Further, Buonanoma seeks testimony from Andreini concerning the application process
18 for the position Andreini received over Buonanoma during the 1999 merger. The court finds that
19 Andreini's testimony is relevant to Buonanoma's discrimination claim because it is probative of
20 SPPC's treatment of workers with similar or comparable qualifications and skills but significant
21 age differences, and is therefore admissible,. *See* FED. R. EVID. 401; FED. R. EVID. 402.
22 Accordingly, the court shall grant the motion in limine as to this issue and allow proposed non-
23 party witness Mitchell Andreini to testify at trial.
24 ///
25 ///
26

6

**IV.  SPPC's Motion in Limine (Doc. #133)**

SPPC requests this court enter an order excluding certain evidence as irrelevant, unfairly prejudicial, or explicitly barred under the Federal Rules of Evidence. Doc. #133. After filing its motion in limine, the parties came to an agreement concerning several issues presented in SPPC's motion. Where applicable, the court will identify those issues and embody the parties' agreement.

Additionally, SPPC's motion in limine seeks to exclude evidence already addressed by the court in Buonanoma's motions in limine. *See* Doc. #133. As such, duplicative evidentiary issues are not discussed.

### A.  Uncontested Issues

SPPC requests the court exclude from trial any evidence regarding (1) SPPC's expert report in another employment discrimination case, (2) non-party Ralph Negron's ("Negron") resume, (3) "secret" personnel files, (4) a claim for race discrimination, (5) a claim for failure to promote, (6) rumors of discrimination by other employees, (7) a stigma against future employment caused by filing the present lawsuit, and (8) SPPC's net worth. *See* Doc. #133.

The parties have resolved these issues and agree that the expert report from another litigation; Negron's resume; reference to "secret" files; and evidence relating to race discrimination, a claim for failure to promote, company rumors, and post-litigation stigma should be excluded. The parties further agree that SPPC's net worth should be excluded until and unless Buonanoma makes a *prima facie* case for punitive damages at trial. Accordingly, the court shall grant SPPC's motion in limine as to these evidentiary issues.

### B.  Proposed Witnesses

SPPC also seeks to exclude from testifying Buonanoma's proposed witnesses Gerald Mikesell, Esq. ("Mikesell"); Donna LaMonte ("LaMonte"); Suzanne Brown ("Brown"); Rachel Bixby ("Bixby"); and Ralph Negron for failure to identify the witness during discovery. *See* Doc. #133. The parties have resolved this issue and agree that Buonanoma's proposed witnesses

should be excluded. Accordingly, the court shall grant SPPC's motion in limine in this regard and exclude the aforementioned proposed witnesses from testifying at trial.

### C. Contested Issues[5]

Finally, SPPC seeks to exclude evidence relating to (1) alleged non-actionable discrimination based upon a failure to promote Buonanoma to the position of Team Leader, Facilities during the 1999 merger, (2) other employment discrimination complaints and lawsuits by SPPC employees, (3) settlement negotiations with other SPPC employees, and (4) deposition testimony of Patrizia Esse ("Esse"). *See* Doc. #133.

Initially, the court notes that evidence of other settlement negotiations with other SPPC employees who alleged employment discrimination is barred pursuant to Federal Rule of Evidence 408. FED. R. EVID. 408(a) (stating that evidence of settlement offers is not admissible to establish liability). Therefore, the court shall grant SPPC's motion in limine on this issue.

Additionally, the court notes that other employment discrimination complaints and lawsuits by other SPPC employees, although relevant to Buonanoma's claim for age and gender discrimination, is "substantially outweighed by the danger of unfair prejudice" against SPPC in this action and shall be excluded. FED. R. EVID. 403. Introducing evidence of other lawsuits against SPPC could unfairly bias the jury against SPPC for discriminatory acts that did not take place in this case and confuse the jury into thinking it could hold SPPC liable in this action for alleged wrongs in other actions. Accordingly, the court shall grant SPPC's motion to exclude evidence of other complaints and lawsuits.

As to the deposition testimony of Patrizia Esse, the court finds that her deposition testimony is not admissible because Buonanoma's purpose in seeking the evidence is to prove a link from SPPC to Mercer Management Consulting, Inc. *See* Doc. #139, p.18-19 ("Patricia Esse is an important witness, not so much because she brought and settled a discrimination action against

---

[5] The parties have been unable to come to an agreement concerning the following evidentiary issues.

8

SPPC but because she links Mercer/AIG and its teachings to Nevada Power in 1993 and to SPPC in 2001-2002."); Doc. #139, p.19 ("The (deposition) testimony of Patrizia Esse provides one of the key links between the Mercer methodology which was taught to her and others at Nevada Power in 1993 and the acts of SPPC in firing Buonanoma immediately after Mercer came to SPPC in 2002."). However, the parties' agreement, which the court embodies in its entirety, excludes any evidence, including documentation and witness testimony, concerning Mercer Management Consulting, Inc., its policies, contracts, and methodologies from trial. Therefore, the court finds that Esse's deposition testimony concerning Mercer is covered by the parties' agreement and should be excluded. Accordingly, the court shall grant SPPC's motion in limine and exclude the deposition testimony of Patrizia Esse from trial.

Finally, as to the evidence relating to alleged discrimination against Buonanoma by not promoting him to the position of Team Leader, Facilities during the 1999 merger, SPPC argues that this evidence is time-barred because it occurred in 1999 and is irrelevant because his complaint is based on his termination from SPPC and not for a failure to promote. However, the court finds this argument unpersuasive. *See e.g., Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003) (holding that pattern and practice claims are based on a history of conduct that is routine throughout employment); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984) (stating that to establish a claim for a pattern and practice of discrimination a plaintiff must establish that the discrimination was a regular, rather than unusual, practice). Under Buonanoma's pattern and practice theory, each and every act of age and gender discrimination which SPPC perpetrated against him, including conduct during the 1999 merger and application process, is relevant and probative of SPPC's discriminatory intent which ultimately resulted in his employment termination. Thus, the court finds that the evidence is relevant to Buonanoma's pattern and practice theory and is admissible at trial. Accordingly, the court shall deny SPPC's motion in limine as to this issue.

1  IT IS THEREFORE ORDERED the plaintiff's motion in limine to exclude evidence (Doc. #131) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS FURTHER ORDERED that plaintiff's motion in limine to include evidence (Doc. #132) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS FURTHER ORDERED that defendant's motion in limine (Doc. #133) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 16th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE